IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MILES THOMAS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JILL GREEN,<br>KAMANI KUALAʻAU,<br>KEAWE KAHOLOKULA,<br>DARLENA CHADWICK,<br><br>　　　　Defendants. | Case No. 25-cv-00126-DKW-KJM<br><br>**ORDER (1) SCREENING AND DISMISSING COMPLAINT, (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL, (3) HOLDING IN ABEYANCE APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND (4) REQUIRING PLAINTIFF MILES THOMAS TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |

On March 18, 2025, Plaintiff Miles Thomas (Plaintiff or Thomas) initiated this proceeding with the filing of a Complaint against Defendants Jill Green, Kamani Kualaʻau, Keawe Kaholokula, and Darlene Chadwick (collectively, Defendants), appearing to allege negligence claims related to "healthcare" he may or may not have received. Dkt. No. 1. Thomas also filed an application to proceed in district court without prepayment of fees or costs (IFP Application) and a motion for appointment of counsel. Dkt. Nos. 3, 5.[1]

---

[1] Therefore, pursuant to 28 U.S.C. Section 1915(a), the Court subjects the Complaint to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

According to the Complaint, Thomas invokes diversity as the basis for subject matter jurisdiction of this Court. Review of the Complaint, however, shows that there is no diversity alleged between the parties. Because Thomas is proceeding without counsel, a brief explanation of diversity jurisdiction may be warranted. To establish diversity, Thomas must show that "the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009); *see also Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997) (explaining that the burden of establishing subject matter jurisdiction falls on the plaintiff). Citizenship is "determined by [the defendant's] state of domicile," which means "where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Here, the Complaint alleges that Thomas is a citizen of Hawaiʻi. Dkt. No. 1 at 3. The Complaint fails, however, to allege the citizenship of any of the Defendants. *See id*. Given that it is Thomas' burden to establish subject matter jurisdiction, this alone is insufficient because the Court is unable to ascertain whether diversity exists. *See Kanter*, 265 F.3d at 857 ("'In a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'") (quoting *Whitmire v. Victus Ltd. t/a/ Master Design*

*Furniture*, 212 F.3d 885, 887 (5th Cir. 2000)).   On that basis, the Complaint is DISMISSED.²

Potentially more problematic is that, although the citizenship of the Defendants is not alleged, earlier in the Complaint, it is alleged that each of the Defendants has an address, and may work, in Honolulu, Hawaiʻi.   Dkt. No. 1 at 2. While *residency* and *citizenship* are not necessarily the same thing, *Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) (explaining that diversity "is not dependent upon the residence of any of the parties, but upon their citizenship[]"), in light of the fact that Thomas fails to allege the Defendants' citizenship and, at the very least, alleges that each of the Defendants maintains an address in the same state (Hawaiʻi) of which Thomas is a citizen, his ability to establish any diversity of citizenship, let alone complete diversity as required, appears challenged, *see Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary[.]").

---

²For the same reason, the motion for appointment of counsel, Dkt. No. 3, is DENIED.   *See Johnson v. U.S. Treasury Dep't*, 27 F.3d 415, 416-417 (9th Cir. 1994) (explaining that courts consider the following three factors in determining whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim."); *Williams v. 24 Hour Fitness USA, Inc.*, 2014 WL 7404604, at *2 (D. Haw. Dec. 30, 2014) (stating that a plaintiff has the burden of persuasion as to all three factors, and an unfavorable finding as to any one factor may be fatal to the request).

Accordingly, Thomas is ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction. Thomas may have until **April 18, 2025** to respond to this Order to Show Cause. Should Thomas fail to timely respond or fail, in any timely response, to show that subject matter jurisdiction, such as diversity jurisdiction as explained herein, exists, this case will be dismissed without prejudice and without any leave to amend the Complaint. *See Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 n.2 (9th Cir. 2019) ("in general, dismissal for lack of subject matter jurisdiction should be without prejudice.").

The IFP Application, Dkt. No. 3, is HELD IN ABEYANCE pending a response, if any, to the instant Order to Show Cause.

IT IS SO ORDERED.

DATED: March 31, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

Miles Thomas vs. Jill Green, et al; Civil No. 25-00126 DKW-KJM; **ORDER (1) SCREENING AND DISMISSING COMPLAINT, (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL, (3) HOLDING IN ABEYANCE APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND (4) REQUIRING PLAINTIFF MILES THOMAS TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**